IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



**CHARLENE THOMPSON**                                   **PLAINTIFF**

VS.                                           CAUSE NO. 3:24cv209-KHJ-MTP

**STEVENS TRANSPORT, INC.;**
**DARWIN UMANA; AND JOHN DOES 1-10**            **DEFENDANTS**

---

**PLAINTIFF'S ORIGINAL COMPLAINT**
**(TRIAL BY JURY REQUESTED)**

---

**COMES NOW** Plaintiff, CHARLENE THOMPSON, (sometimes referenced as "Plaintiff") by and through undersigned counsel and pursuant to the laws of the State of Mississippi and the Federal Rules of Civil Procedure, and files this Complaint against Defendants, Stevens Transportation, Inc.; Darwin Umana, in his official and individual capacities; and John Doe Defendants 1-10 (sometimes collectively referenced hereinafter as "Defendants"). In support thereof, Plaintiff would show unto this Honorable Court the following:

I.

**JURISDICTION AND VENUE**

1.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000, exclusive of costs and interest.

2.   Venue in this Court is proper pursuant to 28 U.S.C. § 1391 inasmuch as a substantial part of the counts giving rise to this claim occurred in Jackson, Mississippi.

## II.

## PARTIES

3. Plaintiff, CHARLENE THOMPSON, is an adult resident citizen of Hinds County, Mississippi who may be contacted by and through her undersigned attorney.

4. Defendant, Stevens Transport, Inc. is a foreign corporation which is not registered to do business within the State of Mississippi. This Defendant is a Texas corporation and is registered with the Texas Secretary of State's Office. This Defendant may be served with process through its registered agent Steven Aaron, at 9757 Military Pkwy; Dallas, Texas 75227.

5. Defendant, Darwin Umana, is a foreign resident who, upon information and belief, resides at 1809 Drew Lane, Richardson, Texas 75082. Upon information and belief, this Defendant is a resident citizen of the State of Texas and may be served where he resides or is employed.

6. Defendant 1 is the specific individual/entity/agent/corporation which owned the truck, in whole or in part, being driven by Darwin Umana at the time of the accident giving rise to this Complaint, and whose identity is currently unknown despite good faith investigative efforts by the undersigned. Plaintiff has performed an investigation to identify said person and/or company, but is currently unable to identify said person and/or company without discovery. The actions and/or inactions of Doe Defendant 1 directly caused and/or contributed to the injuries sustained by Plaintiff. Doe Defendant 1 may be liable for all or part of the acts or omissions committed, which resulted in the injuries sustained by Plaintiff and in whom Plaintiff may seek recovery of damages

7. Doe Defendant 2 is the specific individual/entity/agent/corporation which owned the trailer, in whole or in part, being pulled by Defendant, Darwin Umana at the time of the

accident giving rise to this Complaint, and whose identity is currently unknown despite good faith investigative efforts by the undersigned. Plaintiff has performed an investigation to identify said person and/or company, but is currently unable to identify said person and/or company without discovery. The actions and/or inactions of Doe Defendant 2 directly caused and/or contributed to the injuries sustained by Plaintiff. Doe Defendant 2 may be liable for all or part of the acts or omissions committed, which resulted in the injuries sustained by Plaintiff and in whom Plaintiff may seek recovery of damages.

8.   Doe Defendants 3 is the specific individual/entity/corporation which owned the load, in whole or in part, being hauled by Darwin Umana at the time of the accident giving rise to this Complaint, and whose identity is currently unknown despite good faith investigative efforts by the undersigned. Plaintiff has performed an investigation to identify said person and/or company, but is currently unable to identify said person and/or company without discovery. The actions and/or inactions of Doe Defendant 3 directly caused and/or contributed to the injuries sustained by Plaintiff. Doe Defendant 3 may be liable for all or part of the acts or omissions committed, which resulted in the injuries sustained by Plaintiff and in whom Plaintiff may seek recovery of damages.

9.   Doe Defendant 4 is the specific individual/entity/corporation who employed Darwin Umana at the time of the accident giving rise to this Complaint, and whose identity is currently unknown despite good faith investigative efforts by the undersigned. Plaintiff has performed an investigation to identify said person and/or company, but is currently unable to identify said person and/or company without discovery. The actions and/or inactions of Doe Defendant 4 directly caused and/or contributed to the injuries sustained by Plaintiff. Doe

Defendant 4 may be liable for all or part of the acts or omissions committed, which resulted in the injuries sustained by Plaintiff and in whom Plaintiff may seek recovery of damages.

10. Doe Defendant 5 is the specific individual/entity/corporation with whom Darwin Umana was in the course and scope of his employment with and/or acted in furtherance of the interests of and/or was an apparent agent acting within his actual or apparent authority of, at the time of the accident giving rise to this Complaint, whose identity is currently unknown despite good faith investigative efforts by the undersigned. Plaintiff has performed an investigation to identify said person and/or company, but is currently unable to identify said person and/or company without discovery. The actions and/or inactions of Doe Defendant 5 directly caused and/or contributed to the injuries sustained by Darwin Umana. Doe Defendant 5 may be liable for all or part of the acts or omissions committed, which resulted in the injuries sustained by Plaintiff and in whom Plaintiff may seek recovery of damages.

11. Doe Defendants 6-10 are other currently unknown individuals, persons, corporate persons or entities who may be liable for all or part of the negligible acts or omissions committed resulting in the subject accident which involved and resulted in the injuries sustained by Plaintiff, and in whom Plaintiff may seek recovery of damages. This civil action arises out of the negligent acts and omissions of Defendants that were committed whole or in part in Rankin County, Mississippi.

### III.

### FACTS

12. On or about April 18, 2021, Plaintiff, Charlene Thompson, was lawfully operating her vehicle and was sitting stationary while waiting for traffic to clear so that she could make a turn out of the Love's Parking Lot in Flowood, Rankin County, Mississippi.

13. At all relevant times, Plaintiff, Charlene Thompson was lawfully operating her vehicle in compliance with the laws of the State of Mississippi.

14. A true and correct (redacted) copy of the Flowood Police Department Call for Service Report has been attached hereto and incorporated herein by reference only as "Exhibit A."

15. At all relevant times herein, Defendant, Darwin Umana, in his official and individual capacities, was operating an 18-wheeler on the side of Plaintiff when suddenly and without warning, the 18-wheeler operated by Defendant, Darwin Umana violently struck the side of Charlene Thompson's vehicle. See "Exhibit A."

16. After the 18-wheeler operated by Defendant, Darwin Umana, violently struck Plaintiff's vehicle, said impact caused tremendous damage to Plaintiff and her vehicle.

17. At all relevant times, the vehicle which Defendant, Darwin Umana operated was owned by Defendants, Stevens Transport, Inc.; Doe Defendant 1, Doe Defendant 2, Doe Defendant 3, Doe Defendant 4, and/or Doe Defendant 5.

18. As a result of said accident, Plaintiff received numerous, severe, permanent, and lasting physical and psychological injuries to her body as a whole. The full extent of Plaintiff's injuries is unknown at this time.

19. Plaintiff suffered and continues to suffer from, but not limited to, physical pain, emotional distress, psychological distress, mental anguish, disfigurement, loss of enjoyment of life, hedonic damages, medical bills, prescription drug costs and other damages more specifically set forth below and to be proven at trial. Plaintiff requires continued care, treatment and medication. Furthermore, as the injuries develop, Plaintiff

may suffer from permanent physical pain, impairment, disfigurement, and loss of past, present and future income.

20. It is undisputed that the defendants, including Defendant, Darwin Umana, failed to keep his 18-wheeler under a reasonable, safe and proper distance and failed to keep said vehicle under control, which proximately caused this unfortunate accident.

21. Defendants did not ensure that the subject 18-wheeler was under proper conditions and control just prior to the point of impact, and also at the point of impact.

22. Liability cannot be genuinely disputed in this matter, as there exists absolutely no evidence that Plaintiff, or anyone else, caused and/or contributed to the subject accident in any way.

23. As a result of Defendants' act(s) and/or omission(s), Plaintiff has sustained and will continue to sustain economic as well as non-economic damages.

24. Upon information and belief, Darwin Umana and Doe Defendants 6-10 were the agent, servant and/or employee of Stevens Transport, Inc.; Doe Defendant 1, Doe Defendant 2, Doe Defendant 3, Doe Defendant 4, and/or Doe Defendant 5, and were in the course and scope of said employment at all relevant times prior, during and after the accident in question.

25. As a result, Stevens Transport, Inc.; Doe Defendant 1, Doe Defendant 2, Doe Defendant 3, Doe Defendant 4, and/or Doe Defendant 5 are responsible both for Darwin Umana's actions, inaction(s), and/or conduct pursuant to the doctrine of respondeat superior as well as for any negligence of its own.

IV.

CLAIMS FOR RELEIF

<u>COUNT I – NEGLIGENCE AND MOTOR VEHICLE NEGLIGENCE</u>
*(As to All Defendants)*

26. Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in its entirety.

27. At the time and on the occasion in question, Defendants possessed a duty of ordinary care while operating a commercial motor vehicle in Mississippi, specifically to maintain a proper lookout and to keep the subject 18-wheeler vehicle under proper control. Defendants breached their duties and were negligent in failing to do what a reasonable, prudent driver; owner and/or employer of an 18-wheeler would have done under these circumstances.

28. Defendants were negligent in the following particulars, including but not limited to:

    (a)    failing to keep proper lookout;

    (b)    failing to maintain the appropriate speed of the 18 wheeler;

    (c)    inattention while driving;

    (d)    causing a motor vehicle accident;

    (e)    failing to abide by the laws of the State of Mississippi;

    (f)    driving in a careless and/or reckless manner;

    (g)    failing to keep a vehicle under reasonable and proper control;

    (h)    failing to maintain a reasonably safe speed;

    (i)    failing to take proper evasive action to avoid striking the vehicle operated by Charlene Thompson;

(j)  colliding with the vehicle operated by Charlene Thompson; and

(k)  other acts of negligence as will be more fully shown at trial.

29. The act(s) and/or omission(s) of the Defendants constitute common law negligence and negligence *per se* and were each a proximate cause of the occurrence in question.

30. Further, the act(s) and/or omission(s) of Defendants resulted in Plaintiff's significant injuries, losses and damages.

## COUNT II - GROSS NEGLIGNECE
*(As to All Defendants)*

31. Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

32. When viewed objectively, Defendants' act(s) and/or omission(s) involved an extreme degree of risk and constituted willful, wanton and reckless conduct under these circumstances. To this end, Defendants' act(s) and/or omission(s) constitute gross negligence under Mississippi law.

33. The act(s) and/or omission(s) of Defendants constitute gross negligence and were each a proximate cause of the occurrence in question.

34. Further, the act(s) and/or omission(s) of Defendants resulted in Plaintiff's significant injuries, losses and damages.

## COUNT III - NEGLIGENT HIRING, RETENTION, SUPERVISION AND/OR CONTROL
*(As to all Stevens Transport, Inc.)*

35. Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in its entirety.

8

36.     At the time and on the occasion in question, Stevens Transport, Inc.; Doe Defendant 1, Doe Defendant 2, Doe Defendant 3, Doe Defendant 4, and/or Doe Defendant 5 were negligent in hiring, retaining, supervising and/or controlling their employee(s), servant(s), and/or agent(s), Darwin Umana and Doe Defendants 6-10. Defendants had a duty to exercise ordinary care in the hiring, supervising and training of its employees, as well as in placing an 18-wheeler driver on the road. Defendants breached that duty in the following respects, among others:

(a)     failing to adequately inquire into the competence, employment history and criminal background of employee/agent/servant, Darwin Umana and Doe Defendants 6-10;

(b)     failing to adequately train employee/agent/servant, Darwin Umana and Doe Defendants 6-10;

(c)     failing to properly supervise employee/agent/servant, Darwin Umana and Doe Defendants 6-10;

(d)     failing to comply with industry standards and regulations regarding supervision of 18 wheeler drivers;

(e)     failing to properly monitor Darwin Umana and Doe Defendants 6-10's driving hours and logs;

(f)     failing to require Darwin Umana and Doe Defendants 6-10 to maintain logs and records in compliance with applicable state and federal regulations;

(g)     failing to comply with industry standards and regulations regarding records and supervision of drivers, and;

(h) other acts of negligent hiring, retention, supervision and control as will be more fully shown at trial.

37. The above acts constitute negligence and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of Defendants proximately caused Plaintiff's damages.

38. Further, the act(s) and/or omission(s) of these Defendants resulted in the Plaintiff's significant injuries, losses and damages.

## COUNT IV - RESPONDEAT SUPERIOR
*(As to Defendant, Stevens Transport, Inc.)*

39. Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in its entirety.

40. Defendants, Darwin Umana and Doe Defendants 6-10 were in the course and scope of their employment with Stevens Transport, Inc.; Doe Defendant 1, Doe Defendant 2, Doe Defendant 3, Doe Defendant 4, and/or Doe Defendant 5 at all relevant times immediately subsequent and preceding the accident in question, and therefore, Defendants are liable for the negligence of its employee(s)/statutory employee(s).

41. Therefore, the act(s) and/or omission(s) of Defendants, Darwin Umana and Doe Defendants 6-10, are the responsibility of Defendants, Stevens Transport, Inc.; Doe Defendant 1, Doe Defendant 2, Doe Defendant 3, Doe Defendant 4, and/or Doe Defendant 5 and to this end, Defendants, Stevens Transport, Inc.; Doe Defendant 1, Doe Defendant 2, Doe Defendant 3, Doe Defendant 4, and/or Doe Defendant 5 are vicariously liable for any act(s) and/or omission(s) of Defendants, Darwin Umana and Doe Defendants 6-10.

10

42. These act(s) and/or omission(s) proximately caused the injuries and damages sustained by the Plaintiff.

## COUNT V – AGENCY

43. Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

44. At all relevant times, Darwin Umana and Doe Defendants 6-10 were in the course and scope of their employment with and acted in furtherance of the interests of Defendants, Stevens Transport, Inc.; Doe Defendant 1, Doe Defendant 2, Doe Defendant 3, Doe Defendant 4, and/or Doe Defendant 5, and/or was an apparent agent acting within his actual or apparent authority of Defendants, Stevens Transport, Inc.; Doe Defendant 1, Doe Defendant 2, Doe Defendant 3, Doe Defendant 4, and/or Doe Defendant 5. Consequently, Defendants are liable for the negligence of its employee(s)/statutory employee(s)/agent(s).

## COUNT VI - VICARIOUS LIABILITY
### (As to Defendants, Stevens Transport, Inc.)

45. Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

46. At all relevant times, Defendants, Darwin Umana and Doe Defendants 6-10, were under the supervision, control and authority of Stevens Transport, Inc.; Doe Defendant 1, Doe Defendant 2, Doe Defendant 3, Doe Defendant 4, and/or Doe Defendant 5.

47. The act(s) and/or omission(s) taken by Defendants, Darwin Umana and Doe Defendants 6-10, were while they were in the course and scope of his employment with

Defendants, Stevens Transport, Inc.; Doe Defendant 1, Doe Defendant 2, Doe Defendant 3, Doe Defendant 4, and/or Doe Defendant 5.

48. Therefore, Defendants, Stevens Transport, Inc.; Doe Defendant 1, Doe Defendant 2, Doe Defendant 3, Doe Defendant 4, and/or Doe Defendant 5 are vicariously liable for the act(s) and/or omission(s) of Defendants, Darwin Umana and Doe Defendants 6-10.

49. As a result of the act(s) and/or omission(s) of these Defendants, Plaintiff has sustained certain economic as well as non-economic damages.

## COUNT VII – *RES IPSA LOQUITUR* LIABILITY

50. Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in its entirety.

51. The accident at issue is of a kind which ordinarily does not occur in the absence of someone's negligence, and the evidence will overwhelmingly show that Defendants were negligent.

52. The accident at issue was caused by an agency or instrumentality within the exclusive control of Defendants.

53. The accident as well as the Plaintiff's resulting injuries was not due to any voluntary action on the part of Plaintiff, either individually or collectively.

54. As a result of the act(s) and/or omission(s) of Defendants, Plaintiff sustained economic as well as non-economic losses.

## COUNT VII- NEGLIGENCE *PER SE*
*(As to all Defendants)*

55. Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in its entirety.

56. To the extent that one of more of these Defendants, through their act(s) and/or omission(s) violated a Mississippi statute in the operation of the subject commercial motor vehicle at issue, and (i) Plaintiff was in the class of persons the statute was designed to protect and (ii) the injuries sustained were of a type the statue was designed to prevent, Defendants are *per se* negligent.

57. The act(s) and/or omission(s) of these Defendants constitute negligence *per se* and were a proximate cause of the occurrence of this accident.

58. Further, the act(s) and/or omission(s) of Defendants results/resulted in the Plaintiff's significant injuries, losses and damages.

## COUNT IX – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
*(As to all Defendants)*

59. Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

60. Defendants were negligent in the following particulars, including but not limited to:

(a) failing to keep proper lookout;

(b) failing to maintain the appropriate speed of the subject 18-wheeler;

(c) inattention while driving;

(d) failing to abide by the laws of the State of Mississippi;

(e) driving in a careless and/or reckless manner;

13

(f) failing to maintain control of the vehicle;

(g) failing to take evasive action to avoid striking the automobile being driven by Plaintiff; and

(h) other acts of negligence as will be more fully shown at trial.

61. Based upon Defendants' negligent act(s) and/or omission(s), Plaintiff has sustained severe, permanent emotional distress which impacts her daily life. Further, based on the significant impact coupled with the resulting wreckage and injuries to her bodies, Plaintiff was severely and permanently impacted by the subject collision.

62. As a result of Defendants' negligence, certain and distinct emotional distress was brought about and manifested in Plaintiff which has necessitated medical treatment for Plaintiff. Additionally, Plaintiff has endured stress relative to worry, anxiety, concern and the uncertainty of her future.

63. These act(s) and/or omission(s) of Defendants proximately caused the occurrence of this accident. Further, the act(s) and/or omission(s) of Defendants results/resulted in Plaintiff's significant injuries, losses and damages.

V.

DAMAGES

64. As a direct and proximate result of the conduct of all Defendants, Plaintiff has suffered and will continue to suffer damages in an amount in excess of the minimum jurisdictional limits of the Court as set forth herein, directly attributable to the occurrence made the basis of this lawsuit and directly attributable to the injuries and the harm she has sustained.

65. Plaintiff requests an award of all kinds of economic, non-economic, actual, compensatory, incidental and consequential damages available to her under the law.

66. Plaintiff has suffered out-of-pocket expenses which include costs of court and other expenses. Accordingly, Plaintiff seeks all general, special, incidental and consequential damages as shall be proven at the time of trial, including exemplary, enhanced and trebled damages. Plaintiff seeks pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, a statutory rate of interest because of the delay in receiving the damages and also to avoid unjust enrichment to Defendants. Plaintiff also seeks post-judgment interest at the maximum rate allowed by law.

67. The amount of total damages suffered by Plaintiff is significant and continuing in nature.

## VI.

## **PUNITIVE DAMAGES**

68. Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

69. Pursuant to Miss. Code Ann. § 11-1-65, inasmuch as the conduct of these Defendants constitutes a willful, wanton, egregious and reckless disregard for the rights and safety of Plaintiff, an award of punitive damages is appropriate and necessary under these facts.

## VII.

## RIGHT TO AMEND PURSUANT TO FRCP 15

70. Pursuant to Rules 15 of the Federal Rules of Civil Procedure, Plaintiff reserves the right to name additional defendants should later facts establish that others are liable herein.

## VIII.

## JURY TRIAL DEMANDED

71. Plaintiff demands a jury trial.

## IX.

## PRAYER FOR RELIEF

72. For these reasons, Plaintiff asks for judgment against all Defendants for the following:

> (a) All kinds of economic and non-economic damages, including compensation for all injuries complained of herein, including but not limited to property damages, past, present and future emotional pain and suffering, mental distress, related medical bills, current medical expenses, past medical expenses, future medical expenses, loss of earning capacity, past and future loss of enjoyment and quality of life, severe mental pain, anguish, suffering, dismemberment, disfigurement, inconvenience, worry, emotional distress, loss of society and companionship, physical impairment, hedonic damages and others;

(b) Punitive damages against all Defendants in an amount sufficient to punish said Defendants for their egregious conduct and to deter Defendants and others similarly situated from engaging in such conduct in the future;

(c) Reasonable attorneys' fees;

(d) Court costs and fees;

(e) Pre-judgment interest at the maximum legal rate for all damages suffered;

(f) Post-judgment interest at the maximum legal rate for all damage suffered; and

(g) For such other and further relief, at law or in equity, to which Plaintiff may show themselves justly entitled.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff pray that upon final trial hereof they be entitled to take, have and recover, of and from said Defendants the above damages, including actual, compensatory, punitive, economic, non-economic, exemplary, pre-judgment interest, post-judgment interest, costs of Court, and for such other and further relief to which they may show themselves to be justly entitled.

This the 15th day of April, 2024.

Respectfully submitted,

CHARLENE THOMPSON, Plaintiff

By: /s/ Warren L. Martin
Warren L. Martin, Jr.

<u>Of Counsel</u>:
Warren L. Martin, Jr., MSB #101528
Robert E. Thompson, II, MSB #105731
**WARREN L. MARTIN, JR., P.A.**
351 Edgewood Terrace Dr.
Jackson, Mississippi 39206
Post Office Box 1870
Jackson, Mississippi 39215
Phone: (769) 257-6052
Fax: (769) 257-6596
Email: attywarrenmartin@gmail.com